

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District – Ninth ... _ 1433   HU |
|---|---|
| Name:  Lisa Marie Roberts | Docket or Case No.: |
| Place of Confinement:  Coffee Creek Correctional Facility | Prisoner No.: 14776586 |

| Petitioner<br><br>Lisa Marie Roberts                v. | Respondent<br><br>Nancy Howton, CCCF Acting Superintendent |
|---|---|

The Attorney General of the State of Oregon - Hardy Myers, OSB#: 64077

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are
    challenging: **Multnomah County Circuit Court, 021 SW Fourth Ave., Portland, OR 97204**

   (b) Criminal docket of case number: **0208-34931**

2. (a) Date of the judgment of conviction:  **December 1, 2004**

   (b) Date of sentencing:  **December 2, 2004**

3. Length of sentence:  **180 months**

4. In this case, were you convicted on more than one count or of more than one crime?  **No**

5. Identify all crimes of which you were convicted and sentenced in this case:
    **Manslaughter in the First Degree**

6. (a) What was your plea?  **Guilty**

   (b) If you entered a guilty plea to one count or charge and not a guilty plea to another count
      count or charge, what did you plead guilty to and what did you plead not guilty to?  **N/A**

   (c) If you went to trial, what kind of trial did you have? (Check one)  **N/A**

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?  **N/A**

8. Did you appeal from the judgment of conviction?  **No**

24374

9. If you did appeal, answer the following:

    (a) Name of court:  <u>N/A</u>

    (b) Docket or case number:  <u>N/A</u>

    (c) Result:  <u>**No Colorable Claim of Error Due To Plea Agreement**</u>

    (d) Date of result:  <u>N/A</u>

    (e) Citation to the case:  <u>N/A</u>

    (f) Grounds raised:  <u>N/A</u>

    (g)  Did you seek further review by a higher state court?  **N/A**

    (h)  Did you file a petition for certiorari in the United States Supreme Court?  **N/A**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning the judgment of conviction in any state court:  **Yes**

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  <u>**Washington Circuit Court, 145 NE 2nd Ave., Hillsboro, OR**</u>

        <u>**97124**</u>

      (2) Docket or case number:  <u>**C 064204 CV**</u>

      (3) Date of filing:  <u>**November 27, 2006**</u>

      (4) Nature of the proceeding:  <u>**Post-Conviction Relief Petition**</u>

      (5) Grounds raised:

      <u>**GROUND ONE:**</u>  <u>**Petitioner was denied substantial rights under the Oregon constitution and the Constitution of the United States, in the following particulars, which denial render the conviction void. Petitioner was denied the assistance of competent counsel in the trial proceedings in violation of her rights to counsel and due process of law under Article 1, Sections 11 and 13 of the Oregon Constitution, and the Fifth, Sixth, and fourteenth Amendments to the United States constitution in that trial counsel rendered ineffective and inadequate assistance by not adequately presenting the claims and arguments.  This ineffective assistance of counsel, on the merits of the case, denied Petitioner [her] rights under Article 1, Section 9 of the Oregon Constitution and the Fourth and Fourteenth Amendments to the Constitution of the United States.  The failure to give adequate representation includes, but is not limited to, the following specific allegations:**</u>

      <u>**A. Petitioner's trial counsel failed to fully and properly investigate and prepare petitioner's case relating to the facts and circumstances underlying the charges against her and,**</u>

      <u>**B.  Trial counsel failed to ensure that petitioner's guilty plea to the charges was voluntary and intelligently made, including advising Petitioner as to the consequences of the plea.**</u>

1. **Trial counsel failed to advise petitioner regarding the nature of a stipulated sentence.**

2. **Petitioner did not understand that she was agreeing to an upward departure sentence and thus waiving any appellate challenges to a departure sentence.  Petitioner would not have agreed to an upward departure sentence had she been adequately informed.**

3. **Trial counsel failed to investigate and present mitigating evidence at sentencing and during the plea negotiation process.**

4. **Trial counsel failed to investigate petitioner's mental competency at the time of plea entry.**

5. **Trial counsel failed to confer with petitioner.**

C. **Trial counsel failed to object to the imposition of a mandatory minimum sentence.**

D. **Trial counsel failed to object to imposition of an unconstitutional sentence.**

E. **Trial counsel failed to challenge the constitutionality of petitioner's sentence and knew, or should have known, of new "watershed" rules pending before the Oregon and Federal Courts.**

**GROUND TWO:  Petitioner's imprisonment is and was unlawful and the trial and sentencing resulted in a substantial denial of petitioner's rights in violation of ORS 138.530 because the trial court failed to advise petitioner of the collateral consequences of her conviction, in violation of [her] right to right to due process of law under Article 1, Sections 9, 11, and 33 of the Oregon Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as follows:**

A. **The trial court exceeded its authority by imposing a sentence without requiring a jury determination on the requisite facts and without requiring that those facts be proved beyond a reasonable doubt.**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion? **Yes**

(7) Result:  **Judgment Dismissal With Petitioner Taking No Relief**

(8) Date of result:  **PCR = July 18, 2007; Appellate Judgment August 7, 2008**

(b)    If you filed any second petition, application, or motion, give the same information:

(1) Name of court:  **N/A**

(2) Docket or case number:  **N/A**

(3) Date of filing:  **N/A**

(4) Nature of the proceeding:  **N/A**

(5) Grounds raised:  **N/A**

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **N/A**

(7) Result:  **N/A**

(8) Date of result:  **N/A**

(c)    If you filed any third petition, application, or motion, give the same information: **N/A**

    (1) Name of court: **N/A**

    (2) Docket or case number:  **N/A**

    (3) Date of filing:  **N/A**

    (4) Nature of the proceeding:  **N/A**

    (5) Grounds raised:  **N/A**

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?  **N/A**

    (7) Result:  **N/A**

    (8) Date of result:  **N/A**

(d)    Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

First Petition:  **Yes Oregon Court of Appeals, then Oregon Supreme Court; Appellate Judgment – Did Trial Court Err In Denying Formal Petition For Post Conviction Relief ? - Summary Affirmance - August 7, 2008**

Second Petition:  **No**

Third Petition:  **No**

(e)    If you did not appeal to the highest state court having jurisdiction, explain why you did not:  **N/A**

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach addition pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION:  To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:  Petitioner was denied substantial rights under the Oregon constitution and the Constitution of the United States, in the following particulars, which denial render the conviction void.  Petitioner was denied the assistance of competent counsel in the trial proceedings in violation of her rights to counsel and due process of law under Article 1, Sections 11 and 13 of the Oregon Constitution, and the Fifth, Sixth, and fourteenth Amendments to the United States constitution in that trial counsel rendered ineffective and inadequate assistance by not adequately presenting the claims and arguments.  This ineffective assistance of counsel, on the merits of the case, denied Petitioner [her] rights under Article 1, Section 9 of the Oregon Constitution and the Fourth and Fourteenth Amendments to the Constitution of the United States.**

(a) Supporting facts:  **The failure to give adequate representation includes, but is not limited to, the following specific allegations:**

      **A. Petitioner's trial counsel failed to fully and properly investigate and prepare petitioner's case relating to the facts and circumstances underlying the charges against her including but not limited to:**

           **1.  Trial counsel failed to pursue claim of ACTUAL INNOCENCE.**

      **B.  Trial counsel failed to ensure that petitioner's guilty plea to the charges was voluntary and intelligently made, including advising Petitioner as to the consequences of the plea.**

           **1.  Trial counsel failed to advise petitioner regarding the nature of a stipulated sentence.**

           **2.  Petitioner did not understand that she was agreeing to an upward departure sentence and thus waiving any appellate challenges to a departure sentence.  Petitioner would not have agreed to an upward departure sentence had she been adequately informed.**

           **3.  Trial counsel failed to investigate and present mitigating evidence at sentencing and during the plea negotiation process.**

           **4.  Trial counsel failed to investigate petitioner's mental competency at the time of plea entry.**

           **5.  Trial counsel failed to confer with petitioner.**

      **C.  Trial counsel failed to object to the imposition of a mandatory minimum sentence.**

      **D.  Trial counsel failed to object to imposition of an unconstitutional sentence.**

      **E.  Trial counsel failed to challenge the constitutionality of petitioner's sentence and knew, or should have known, of new "watershed" rules pending before the Oregon and Federal Courts.**

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?  **N/A**

    (2)  If you did not raise this issue in your direct appeal, explain why:  **No Colorable Claim of Error Due To Plea Agreement**

(d) **Post Conviction Proceedings:**

    (1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?  **Yes, except for claim of Actual Innocence.**

    (2)  If you answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:  **Post-Conviction Relief**

        Name and location of the court where the motion or petition was filed:  **Washington County Circuit Court, 145 NE Second Ave., Hillsboro, OR  97124**

        Docket or case number:  **C 064204 CV**

        Date of the court's decision:  **July 18, 2007**

        Result:  **Dismissal General For Post-Conviction Relief  With Petitioner Taking No Relief  [w/Opinion]**

(3) Did you receive a hearing on your motion or petition?  **Yes**

(4) Did you appeal from the denial of your motion or petition?  **Yes**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **Appealed dismissal of Post Conviction Relief.**

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:  **Oregon Court of Appeals, Justice Bldg., 1162 Court St. NE, Salem, OR 97301-2563; Supreme Court Bldg., 1163 State St. NE, Salem OR  97301-2563**

Docket or case number:  **A136500, S055944**

Date of the court's decision:  **April 9, 2008**

Result:  **Summary Affirmance**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other Remedies**:  Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:  **Oregon Supreme Court**


**GROUND TWO:   Petitioner's imprisonment is and was unlawful and the trial and sentencing resulted in a substantial denial of petitioner's rights in violation of ORS 138.530 because the trial court failed to advise petitioner of the collateral consequences of her conviction, in violation of [her] right to right to due process of law under Article 1, Sections 9, 11, and 33 of the Oregon Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.**


(a) Supporting facts:  **The trial court exceeded its authority by imposing a sentence without requiring a jury determination on the requisite facts and without requiring that those facts be proved beyond a reasonable doubt.**

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  **N/A**

(2) If you did not raise this issue in your direct appeal, explain why:  **No Colorable Claim of Error Due To Plea Agreement**

(d) **Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **Yes**

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  **Post-Conviction Relief**

Name and location of the court where the motion or petition was filed: <u>Washington</u>

<u>County Circuit Court, 145 NE Second St., Hillsboro, OR  97124</u>

Docket or case number: <u>C 064204 CV</u>

Date of the court's decision: <u>July 18, 2007</u>

Result: <u>Dismissal General For Post-Conviction Relief  With Petitioner Taking No Relief  [w/Opinion]</u>

(3) Did you receive a hearing on your motion or petition? <u>Yes</u>

(4) Did you appeal from the denial of your motion or petition? <u>Yes</u>

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? <u>Appealed dismissal of</u> <u>Post Conviction Relief.</u>

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Oregon Court of Appeals, Justice Bldg., 1162</u> <u>Court St. NE, Salem, OR 97301-2563; Supreme Court Bldg., 1163 State St. NE, Salem OR  97301-2563</u>

Docket or case number: <u>A136500, S055944</u>

Date of the court's decision: <u>April 9, 2008</u>

Result: <u>Summary Affirmance</u>

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>N/A</u>

(e) **Other Remedies:**  Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>Oregon</u> <u>Supreme Court</u>

**GROUND THREE:** <u>**ACTUAL INNOCENCE - Petitioner's imprisonment is and was unlawful and the**</u> <u>**conviction resulted in a substantial denial of petitioner's rights because petitioner is innocent of the crime of**</u> <u>**which she has been convicted in violation of [her] right to right to due process of law under Article 1, Sections**</u> <u>**9, 11, and 33 of the Oregon Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United**</u> <u>**States Constitution.**</u>

(a) Supporting facts:

A. <u>**Petitioner filed an Alibi Notice (Exhibit B) to the court since alibi evidence was contained within the**</u> <u>**police reports and phone call records.**</u>

B. <u>**Petitioner contended her innocence to trial attorney and to post conviction attorney.  (See Exhibit A).**</u>

C. <u>**Motion In Limine to Suppress Evidence of Certain Cell Towers was wrongfully denied. After the**</u> <u>**discovery of Jerri William's body, and some investigation by detectives in this case, the State sought**</u> <u>**evidence of certain cell tower locations that were associated with calls made by defendant [petitioner]**</u> <u>**and several other individuals on May 25, 2002.  In particular, that evidence of telephone calls relaying**</u>

off of the cell phone tower located at 2100 Kotobuki Way, Vancouver, Washington for the reason that police investigators did not request information from other cell towers in the Vancouver area, nor did they request calls for a month's period of time coming from defendant's cell phone, when they had already talked to petitioner on several occasions prior to the time they sought information regarding the cell towers in the areas, which was part of discovery, for Judge Amiton heard the request on July 24, 2002, and signed the order specifically requesting the cell tower information on defendant's cell phone from 5:00 a.m. to 1:00 p.m. On 5/25/02. It came tot he attention of the defendant that the cell phone companies do not keep the records on cell towers for more than one year. Therefore, by the time defendant was finally considered by the Oregon State Hospital as able to aid and assist in her own defense, which was January 2004, and following that time counsel was appointed in March 2004, that time period had elapsed and the information concerning other cell towers, or even the cell tower on 2100 Kutobuki Way was no longer available in order to allow defendant [petitioner] to adequately investigate whether or not cell calls made from the area of the national guard station at NE 33rd and Marine Drive, where Petitioner worked at various times including May 4-5, 2002, where she injured her wrist, were bounced off of the 2100 Kutobuki Way.

D. **Trial counsel failed to locate a witness who may have had exculpatory information. According to trial counsel, the defense team did investigate this case and counsel's investigators "did have information about a possible person who saw another individual who may have been the deceased or her assailant and we did talk with several people about this... but the information obtained from this source did not exculpate petitioner."**

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? **No**

(2) If you did not raise this issue in your direct appeal, explain why: **No Colorable Claim of Error Due To Plea Agreement**

(d) **Post Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court? **No**

(2) If you answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **N/A**

Name and location of the court where the motion or petition was filed: **N/A**

Docket or case number: **N/A**

Date of the court's decision: **N/A**

Result: **N/A**

(3) Did you receive a hearing on your motion or petition?  **N/A**

(4) Did you appeal from the denial of your motion or petition?  **N/A**

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  **N/A**

(6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:  **N/A**

    Docket or case number:  **N/A**

    Date of the court's decision:  **N/A**

    Result:  **N/A**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:  **N/A**

(e) **Other Remedies**:  Describe any other procedures (such as habeas corpus, administrative

remedies, etc.) that you have used to exhaust your state remedies on Ground Three:  **N/A**

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?  **No**

If your answer is "No," state which grounds have not been presented and give your reason(s) for not

presenting them:  **Ground Three was not raised because ineffective counsel failed to raise claim of**

**actual innocence.**

    (b) Are there any grounds in this petition that have not been presented in some state or federal court? If so,

which ground or grounds have not been presented, and state your reasons for not presenting them:  **N/A**

14. Have you previously filed any type of petition, application, or motion in a federal court  regarding the

conviction that you challenge in this petition?  **No**

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding, the issues raised, the date of the court's decision, and the result for each petition,

application, or motion filed. Attach a copy of any court opinion or order, if available.  **See Exhibit C and D**

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either

state or federal, for the judgment you are challenging?  **No**

If "Yes," state the name and location of the court, the docket or case number, the type of

proceeding and the issues raised.  **N/A**

16. Give the name and address, if you know, of each attorney who represented you in the

following stages of the judgment you are challenging:

    (a) At preliminary hearing:  **Kenneth Walker, OSB# 821371, and Ulanda Watkins, OSB# 96451, Walker,**

**Warren & Watkins, 838 SW 1ˢᵗ Ave Ste 500, Portland, OR 97204**

(b) At arraignment and plea:  **Ronald Fishback, OSB# 82137, Calhoun & Fishback PC, 610 SW Alder St Ste 803, Portland, OR 97205.; Changed to Charles Steven Smith, OSB#   ,**

(c) At trial:  **William Brennan, OSB# 790196, PO Box 14708, Portland, OR 97214 and Jane Claus, OSB# 90232 Changed to Patrick Sweeney, OSB# 961200, Patrick John Sweeney PC, 6500 SW Macadam Ave, Ste 300, Portland, OR 97239**

(d) At sentencing:  **William Brennan, OSB# 790196, PO Box 14708, Portland, OR 97214 and Jane Claus, OSB# 90232 and Patrick Sweeney, OSB# 961200, Patrick John Sweeney PC, 6500 SW Macadam Ave, Ste 300, Portland, OR 97239**

(e) On appeal:  **N/A**

(f) In any post-conviction proceeding:  **Vicki Vernon, OSB# 891338, Nachtigal, Eisenstein & Assc., 101 SW Washington St, Hillsboro, OR 97123; Changed to James Varner, OSB#891320, PO Box 815, Newberg, OR 97132**

(g) On appeal from any ruling against you in a post-conviction proceeding:  **James Varner, OSB#891320, PO Box 815, Newberg, OR 97132**

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  **No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:  **N/A**

(b) Give the date the other sentence was imposed:  **N/A**

(c) Give the length of the other sentence:  **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  **No**

18. TIMELINESS OF PETITION:  If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*  **Post Conviction Relief information/documents were turned over to Coffee Creek Correctional Facility (a State agency) inmate legal assistant who erroneously indicated to Petitioner that she had "two years to file" without informing her of the Federal statute of limitations. Subsequently, because the Petitioner was overwhelmed, the  Petitioner [she] did not bring in her paperwork or request help until 11 months after the Federal statute of limitations had expired and was assured filing would be done on time, still not being informed her deadline had passed.   Petitioner prays her petition will be accepted, if for no other reason than her claim of ACTUAL INNOCENCE.  Petitioner has proclaimed her innocence throughout her case and Petitioner's trial was delayed at the beginning due to being mentally unable to assist in her own defense.**

\*The Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

      (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;

      (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C) The date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: **Vacate conviction and sentence , or eliminate post-prison supervision upon release, or any other relief to which petitioner may be entitled**.

_____
                Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correction and this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _12-1-08_ .

Executed (signed) on _12-1-08_ (date).

                     /Petitioner, Lisa Roberts

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. **N/A**

\* \* \* \* \*



# Lisa M. Roberts

SID # 14776586
Coffee Creek Correctional Facility
PO Box 9000
Wisonville, OR  97070

January 28, 2008


James N. Varner
Attorney at Law
PO Box 815
Newberg, OR  97132

RE:    Appeal from Washington County Case No. C064204CV
       **Appellate Court No. A136500**

Dear Mr. Varner;

Greetings!  I am writing to confirm that I do, in fact, wish to pursue the post-conviction appeal.  I believe that I was not properly advised by counsel concerning my plea agreement.  In fact, I believed that I would be sentenced to only 120 months with the ability to earn good time/work credit instead of the mandatory Measure 11 sentence of 120 months day for day minimum plus an additional 60 months that I would be eligible to receive good time/work credit for.  I would never have agreed to a 180 month sentence that I was forced into taking.  I would have stood my chances at a jury trial.  Now, the first 10 years of my sentence is day for day.  I am eligible for nothing in lieu of my good behavior and any attempt to redeem myself.  Then, after serving the initial 10 years (which is a good long time) I then, and only then, become eligible to earn 20% off of the additional above the board non Measure 11 sentence of 5 more years.

Also, I want you to look at the cell phone records that I have been requesting from my trial counsel.  I believe that these records could show that my whereabouts were not near the park where I am accused of this crime.  This needs to be looked into.  I requested this in the past and I am still requesting this as I feel it bears the weight of not only my innocence, but also the improper way that my trial attorney failed me in the first place.  Clearly he did not investigate the allegations brought against me and he did not take the time to investigate, instead rushed me into a plea acceptance that was not what I wanted nor had a clear understanding of.

Thank you for your assistance in this matter.  I am in great hopes that you can and will represent me in a fair and zealous manor.  I also hope and pray that you take what I am saying with great interest and aid me in the pursuit of this appeal.  I do look forward to hearing from you in the very near future.

Sincerely,


Lisa M. Roberts

Exhibit B

4TH JUDICIAL D
04 NOV 29 PM 3: 3(
FILED

1
2
3
4
5
6
7
8                    IN THE CIRCUIT COURT FOR THE STATE OF OREGON
9                              IN THE COUNTY OF MULTNOMAH
10   STATE OF OREGON                    )
11              Plaintiff,              )        ENTERED
12                                      )   No. C 0208-34931
                                        )                NOV 3 0 2004
13        v.                            )   ALIBI NOTICE
                                        )        IN REGISTER BY SR
14   LISA MARIE ROBERTS,                )
                                        )
15              Defendant.              )
16        COMES NOW the defendant herein and gives notice of an alibi defense, pursuant to
17   the requirements of ORS 135.455. This notice is being given five days or more before the
18   
19   commencement of the trial in this case. There is no specific list attached to this notice in that
20   the alibi evidence or issues is contained within the police reports and phone call records
21   provided by the state in response to defendant's discovery motion(s).
22        Dated this 29th day of November, 2004.
23
24                                          William S. Brennan, OSB 79019
25                                          Of Attorneys for Defendant.
26

Page: 1 ALIBI NOTICE

William S. Brennan
OSB# 79019  WSB# 19626
Attorney at Law
P.O.Box 14708
Portland, Oregon 97293
Telephone (503) 231-1611 Fax (503) 231-2759

110        Roberts

C06-4204CV

Exhibit C

IN THE SUPREME COURT OF THE STATE OF OREGON

LISA MARIE ROBERTS,
Petitioner-Appellant,
Petitioner on Review,

v.

WILLIAM HOEFEL, Superintendent, Coffee Creek Correctional Facility,
Defendant-Respondent,
Respondent on Review.

Court of Appeals
A136500

S055944

## ORDER DENYING REVIEW

Upon consideration by the court.

The court has considered the petition for review and orders that it be denied.

_____
June 18, 2008
DATE

_____
CHIEF JUSTICE

c:  James N Varner
    Kathleen Cegla

vb/S055944odpr080618

**ORDER DENYING REVIEW**

*Exhibit D*



IN THE COURT OF APPEALS OF THE STATE OF OREGON

LISA MARIE ROBERTS,
Petitioner-Appellant,

v.

WILLIAM HOEFEL, Superintendent, Coffee Creek Correctional Facility,
Defendant-Respondent.

Washington County Circuit Court No. C064204CV

Court of Appeals No. A136500

### ORDER OF SUMMARY AFFIRMANCE

Before Wollheim, P. J., and Schuman and Rosenblum, JJ.

Respondent has moved pursuant to ORS 138.660 for summary affirmance on the ground that the appeal does not present a substantial question of law. The motion is granted.

Affirmed.

APR - 9 2008
_____
Date

_____
Robert Wollheim, Presiding Judge

---

### DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party: Respondent          [X] Costs allowed, payable by: Appellant

### MONEY AWARD

Judgment #1

Creditor(s):  William Hoefel, Superintendent, Coffee Creek Correctional Facility
Attorney:    Kathleen Cegla, 1162 Court St NE, Salem OR 97301
Debtor(s):   Lisa Marie Roberts
Attorney:    James N. Varner
Costs:            $100.00
TOTAL AMOUNT:     $100.00
Interest:  Simple, 9% per annum, from the date of this appellate judgment.

Appellate Judgment                          COURT OF APPEALS
Effective Date: August 7, 2008                    (seal)

## APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT