IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASHINGTON

| | |
|---|---|
| LISA MARIE ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM HOEFEL, Superintendent, Coffee Creek Correctional Facility,<br><br>Defendant. | Case No. C064204CV<br><br>AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN |

STATE OF OREGON  )
                 ) ss.
County of Multnomah )

I, William Brennan, being first duly sworn on oath, depose and say:

I am an attorney licensed to practice law in the State of Oregon, and in that capacity I represented Lisa Marie Roberts in *State of Oregon v. Lisa Marie Roberts*, Multnomah County Circuit Court Case No. 02-08-34931. I make this affidavit in response to petitioner's claim of inadequate assistance of trial counsel.

Paragraph 7 (A)

I did investigate this case. I hired Bob Cupit and Don Geistlinger to do the factual investigation and I also kept Ted Tolliver, who had been working on the case with Charles Smith; all with petitioner's consent. I also hired Mr. Hadley McCann, a polygraph expert, to

Page 1 - AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN
SG/TRIR8263.DOC

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794



1 conduct a polygraph examination on petitioner and petitioner did not pass the polygraph. I had

2 Ray Grimsbo, a criminalist, work on the case with me as well.

3. We went to the crime scene several times and I personally made several trips following

4 the path that petitioner would have taken on the day of the murder. This was investigated by my

5 investigator as well, so we knew the mileage, we knew when the cell phone calls were made by

6 petitioner and the approximate locations from where the cell phone calls were made. A critical

7 factor was that one cell phone call was made from fairly close to Kelly Point Park, where the

8 deceased was found, and the State would have put on evidence that the cell tower that relayed

9 that call showed the call was made near the tower in Vancouver, Washington, which would have

10 been in the vicinity of Kelly Point Park and not from the Columbia River, which is also to the

11 southwest of that tower.

12 We did have information about a possible person who saw another individual who may

13 have been the deceased or her assailant and we did talk with several people about this. I believe

14 it was Mr. Cupit and Mr. Geistlinger, possibly Mr. Tolliver, but the information obtained from

15 this source did not exculpate petitioner.

16 We located Edna Ross in Sacramento, California, who would have had some information

17 about the victim and her relationship with another individual who could have been the

18 perpetrator of this offense. The connection was not strong, but we could have used this witness if

19 we had gone to trial. There were other witnesses that we spoke to as well but these people mainly

20 confirmed what it was that they said to the police.

21 Both Mr. Sweeney and I went over petitioner's case with her on numerous occasions and

22 we went over everything we had done during the morning that she entered her plea. Petitioner

23

Page 2 - AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN
SG/TRIR8263.DOC
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Exhibit N
Page 2 of 5

1 knew what she was doing and I believe that she was satisfied with our performance and
2 assistance at that time.
3 　　　I did obtain the services of Dr. Jake Cooley and he did evaluate petitioner for mitigation
4 purposes. This was provided to the District Attorney, and maybe to the court, because the
5 sentence was agreed upon. It should be noted, that early in the case, petitioner was in a state of
6 mind that she could not aid or assist, but she was later found by the court to be able to do so and
7 we had Dr. Jake Cooley confirm this fact for us as well.
8 　　　Mitigating evidence was presented to the District Attorney during plea negotiations and
9 that is one of the main reasons we were able to get the charge reduced from Murder to
10 Manslaughter. I believe the investigators not only spoke with Dr. Cooley, but they also spoke
11 with some of petitioner's co-workers and Oregon National Guard members as well.
12 　　　As I recall, this was a case where there was a very good and complete investigation into
13 petitioner's background: that she had a good service record, she did well in her martial arts
14 classes, was fairly successful in life and as a young girl was in a house when her sister was
15 murdered. The District Attorney also knew that petitioner did not have a prior criminal record
16 (with the exception of a traffic ticket) and that too was used as mitigation.
17 　　　In her deposition, petitioner has some complaints and I will refer to the page and line
18 numbers in her deposition. On page 5, lines 1-6, petitioner complains about the existence of a
19 lady who saw a woman and a man arguing by a car. The investigators attempted to locate this
20 exact person. We did locate an individual who recalled some of this, but the information we
21 received was real vague and the person could not identify the victim in this case.
22 　　　When petitioner discusses her lack of knowledge concerning her plea, deposition pages
23 6-8, I believe she knew exactly what the plea involved and she knew what sentence she would

Page 3 - AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN
SG/TRIR8263.DOC
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Exhibit N
Page 3 of 5

receive. Both Mr. Sweeney and I went over the plea petition with petitioner and review her options in great detail, including the possible sentences that she could receive. Mr. Sweeney and I also explained the efforts and conversations we had made with the District Attorney to obtain a more favorable result.

Petitioner's recollection about being ready for trial and going forward with a trial in this case until almost the last moment is correct. We explained to petitioner everything that a trial involved in detail. The State had been trying to get certain information regarding the cell towers, particularly the cell tower in west Vancouver, Washington. It was known all along that petitioner had made a call that was bounced off of that cell tower, but what was not known or provable until the last moment was that the location of the call could be pinpointed as to the direction it came from when the cell tower received the signal from the cell phone and the cell phone representative could testify to this information. I knew this to be correct because my investigators had found the same thing just about at the same time. Therefore, the District Attorney could and would have put petitioner close to Kelly Point Park at a point in time reasonably close to the time the victim was killed. This was something they were not really able to do until this point, but after it became apparent that this evidence would be offered to a jury, the defense team believed that the better option would be to try to make a deal on this case, and petitioner, though very upset, agreed.

Basically, everything that could have been done for petitioner was done. Given all the evidence that was before me, there seemed to be a good possibility that petitioner could and would be convicted for Murder. There was a lot of circumstantial evidence that, if believed by a jury, could have led to that result.

Page 4 - AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN
SG/TRIR8263.DOC

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Exhibit N
Page 4 of 5

1   The possibilities and differences between the sentences for Murder as opposed to
2   Manslaughter were clearly explained to petitioner and I believe she understood her options and
3   she made a knowing and intelligent choice by entering her plea, although she was not pleased
4   with the thought of spending time in prison.

*[signature]*
William Brennan
Attorney at Law

SUBSCRIBED AND SWORN to before me this 27th day of May, 2007.

[OFFICIAL SEAL
PAMELA A HANSON
NOTARY PUBLIC – OREGON
COMMISSION NO. A398011
MY COMMISSION EXPIRES OCT. 5, 2009]

*[signature]* Pamela A Hanson
Notary Public for Oregon
My Commission Expires: Oct 5, 2009

Page 5 - AFFIDAVIT OF TRIAL COUNSEL WILLIAM S. BRENNAN
SG/TRIR8263.DOC

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4794

Exhibit N
Page 5 of 5