IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA MARIE ROBERTS,                    Case No. 3:08-cv-01433-HU

        Petitioner,                                   ORDER

   v.

NANCY HOWTON,

        Respondent.

HUBEL, Magistrate Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.   For the reasons set forth below, my previous Findings and Recommendation (#47) is WITHDRAWN, and petitioner's motion to amend (#41) is GRANTED.

## BACKGROUND

    On December 9, 2008, petitioner filed this habeas corpus proceeding challenging her 2004 Multnomah County conviction for Manslaughter in the First Degree.   In her *pro se* petition (#3), petitioner complained that she received ineffective assistance of counsel (IAC), that the trial court exceeded its sentencing authority, and that she is actually innocent.

1 -- ORDER

In April, 2009, respondent moved the court to deny habeas relief on the sole basis that the petition is untimely.    In response, petitioner filed a motion for discovery (#34) seeking leave of the court to retest all DNA evidence in order to prove her actual innocence to overcome the untimeliness of her petition, and the procedural default of state remedies.

On July 13, 2010, I denied discovery, with leave to renew, on the basis that proof of actual innocence would not excuse the untimeliness of petitioner's habeas petition.   Order (#39) at 2 (citing Lee v. Lampert, 610 F.3d 1125 (9th Cir. 2010)).   Petitioner was advised that she could refile her motion for discovery if there was a statutory or equitable basis for tolling the limitations period.   Id.

Shortly thereafter, petitioner moved to amend her petition to drop claims for relief one and two; to add a Brady claim for failure to disclose exculpatory male DNA evidence; and to add a claim challenging her guilty plea on the basis that it was involuntary and entered as a result of trial counsel's failure to adequately assess the evidence (in particular cell tower information and male DNA evidence).   Petitioner argued that her new claims are timely because (1) they are based upon newly discovered exculpatory DNA evidence that could not have been discovered previously through the exercise of due diligence; and/or (2) the limitation period did not begin to run until the state-created

impediment to filing (i.e., the failure to disclose exculpatory DNA evidence) was removed.  <u>See</u> 28 U.S.C. § 2244(d)(1)(B) & (D).

On March 1, 2011, I denied petitioner's motion to amend and for an evidentiary hearing on the basis the petitioner's original petition was untimely and amendment of the petition, therefore, would be futile.  In so holding, I concluded that petitioner had (1) failed to exercise due diligence to develop the factual predicate for grounds for relief three and four; and (2) failed to demonstrate that the state's actions prevented petitioner from timely filing her habeas petition.  <u>See</u> 28 U.S.C. § 2244(d)(1)(B) & (D).

Several months later, the Ninth Circuit issued an *en banc* decision holding that actual innocence may excuse the untimeliness of a petition.  <u>See</u> <u>Lee v. Lampert</u>, 653 F.3d 929, 932-34 (9th Cir. 2011) (*en banc*).  Petitioner subsequently filed objections to my pending Findings and Recommendation, citing the Ninth Circuit's *en banc* decision.

## DISCUSSION

As outlined above, the proper resolution of this proceeding has been complicated by an intervening change in the law.  I previously denied petitioner's motion to amend her petition on the basis that the original petition was untimely, and there was no

statutory or equitable basis for tolling the limitations period. Findings and Recommendation (#47).

In light of the intervening *en banc* decision in <u>Lee v. Lampert</u>, as well as the procedural complexity of this case, I conclude that permitting petitioner to amend her petition will best facilitate the proper resolution of petitioner's renewed motion for discovery, and the underlying merits of the case.

**<u>CONCLUSION</u>**

Based on the foregoing, my previous Findings and Recommendation (#47) is WITHDRAWN, and petitioner's motion to amend (#41) is GRANTED.  Petitioner shall file her amended petition upon receipt of this order.  The Article III Judge to whom this case is assigned shall address petitioner's renewed motion for discovery (#34).

DATED this 9th day of August, 2012.

/s/ Dennis J. Hubel

_____
Dennis J. Hubel
United States Magistrate Judge

4 -- ORDER