Alison M. Clark, OSB No. 080579
Email: alison_clark@fd.org
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DIVISION OF PORTLAND

| | |
|---|---|
| **LISA MARIE ROBERTS,** | No. 3:08-cv-01433-MA |
| Petitioner, | SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | PURSUANT TO 28 U.S.C. § 2254 |
| **NANCY HOWTON,** | |
| Respondent. | |

Petitioner, through her attorney, Alison M. Clark, hereby petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In support of this amended petition, Petitioner makes the following allegations:

I.      PROCEDURAL AND JURISDICTIONAL HISTORY:

   A.      <u>Court Proceedings:</u>

      1.      **Multnomah County Circuit Court**:

On December 1, 2004, in the Circuit Court for the State of Oregon, in the County of Multnomah, Petitioner entered a guilty plea to manslaughter, in violation of ORS 163.118.  (Resp.

Ex. 103). The trial court sentenced petitioner to 180 months in prison to be followed by 36 months of post-prison supervision. (Resp. Ex. 101). The pleas were entered and the sentence was imposed pursuant to a negotiated plea agreement. Petitioner did not appeal.

    **2.**    **Post-Conviction Petition (Washington County Case No. CO64204-CV):**

On November 27, 2006, Petitioner filed a petition for post-conviction relief in Washington County Circuit Court. Counsel was appointed. (Resp. Ex. 106). The Amended Petition included arguments that her plea was entered involuntarily due to the constitutionally defective assistance of counsel and that Petitioner was completely innocent in the death of Jerri Williams. (Resp. Ex. 112, p. 10). A hearing was held on June 25, 2007 during which Petitioner stated that her mental state, as evidenced by her commitment to the Oregon State Hospital during the pendency of her trial case, may have impacted upon the voluntariness of her plea. Post-conviction relief was denied on July 18, 2007. (Resp. Ex. 124).

    **3.**    **Appeal of Post-Conviction Petition (Oregon Court of Appeals No. CA-A136500):**

Petitioner's appeal of her post-conviction petition included the argument that her guilty plea to manslaughter was entered in violation of her constitutional rights due to ineffective assistance of counsel. (Resp. Ex 124). On April 9, 2008, the Oregon Court of Appeals affirmed the denial of post-conviction relief. (Resp. Ex. 130).

    **4.**    **Petition for Review (Oregon Supreme Court Case No. S055944):**

Petitioner's Petition for Review included the argument that her guilty plea to manslaughter was involuntarily entered in violation of her constitutional rights to ineffective assistance of counsel and identified her guilty plea as a serious injustice. The Oregon Supreme Court denied review on

PAGE 2 -   SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

June 18, 2008. (Ex. 129).

     **5.**    Petitioner is presently in the custody of the Oregon State Corrections Division at Coffee Creek Correctional Institution in Wilsonville, Oregon.

**B.**    **Prior Counsel**

**At trial court level:**
(not including attorneys who withdrew due to conflict of interest)

| | |
|---|---|
| William S. Brennan<br>PO Box 14708<br>Portland OR 97214 | Patrick John Sweeney<br>Patrick John Sweeney PC<br>1549 SE Ladd Ave<br>Portland OR 97214 |

**At post-conviction:**

Vicki Vernon
101 SW Washington Street
Hillsboro, Oregon 97123

**On appeal from post-conviction:**

James N. Varner
PO Box 815
Newberg, OR 97132

**II.**    **CLAIMS FOR RELIEF:** [1]

**THIRD GROUND FOR RELIEF** (revised from original petition)**:**

Petitioner's conviction is illegal and contrary to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States because Petitioner is innocent of manslaughter and entered an involuntary plea in violation of her right to due process and the effective assistance of counsel.

**Supporting Facts:**

     1.    Petitioner is innocent of the crime of manslaughter to which she pleaded guilty

---

[1] Petitioner voluntarily withdraws Grounds One and Two previously submitted in her *pro se* habeas corpus petition filed on December 9, 2009.

on December 1, 2004.

2. Petitioner received ineffective assistance of counsel when her trial attorney advised her to enter a guilty plea, in reliance on cell phone tower information purporting to pinpoint the direction from which Petitioner placed a phone call on the morning of May 25, 2002. Counsel unreasonably believed the state's cell tower information was reliable and would persuade a jury that Petitioner caused the death of Jerri Williams. Counsel was ineffective for failing to adequately investigate the cell tower information. Counsel concluded that a plea to manslaughter was a better choice than maintaining a plea of not guilty at trial. Because counsel did not have the benefit of exculpatory DNA evidence at the time he advised Petitioner to plead guilty, the prejudice of counsel's bad advice was exacerbated.

3. Because counsel's assessment of the evidence was unreasonably ill-informed, Petitioner's plea was involuntary and was entered despite her innocence. Especially in light of the exculpatory male DNA evidence that should have been made available to Petitioner's defense, there is a reasonable probability that counsel's erroneous assessment of the potential trial evidence effected the outcome of Petitioner's case by causing Petitioner to enter an involuntary plea.

**FOURTH GROUND FOR RELIEF:**

Petitioner's convictions are illegal and contrary to the Fifth And Fourteenth Amendment to the Constitution of the United States, in that the state unlawfully withheld exculpatory DNA evidence in violation of the constitutional principals articulated in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Due to the failure to disclose this exculpatory evidence, Petitioner's plea was entered involuntarily.

**Supporting Facts:**

1. On March 29, 2010, Petitioner, through counsel, received exculpatory DNA evidence that was previously not disclosed to the defense.

2. The Oregon Crime Laboratory reports produced at the time Petitioner was preparing for trial did not include exculpatory DNA information identifying certain DNA deposits as coming from a male. Matching male alleles between the chest swab, fingernails, and vaginal swabs were also not reported. Petitioner could not have discovered this material at an earlier time through the exercise of due diligence.

3. The previously undisclosed DNA evidence, taken singly and collectively, is exculpatory because it rebuts the state's forensic theories and the conclusion that Petitioner caused the death of Jerri Williams. The newly discovered evidence supports Petitioner's claim of innocence.

## IV. PRAYER FOR RELIEF:

For the reasons discussed further in Petitioner's accompanying Brief in Support of Habeas Corpus Relief, this Court should grant the Writ of Habeas Corpus and order that Petitioner's conviction and sentence be vacated. Petitioner's accompanying brief also presents an alternative request for discovery and an evidentiary hearing. The Court should further order such relief that it deems just and proper.

RESPECTFULLY SUBMITTED this August 16, 2012.

*/s/ Alison M. Clark*
Alison M. Clark
Attorney for Petitioner