Alison M. Clark, OSB No. 080579
Email: alison_clark@fd.org
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524

Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
DIVISION OF PORTLAND

| | |
|---|---|
| LISA MARIE ROBERTS,<br><br>                Petitioner,<br><br>    v.<br><br>NANCY HOWTON,<br><br>                Respondent. | No. 3:08-cv-01433-MA<br><br>**THIRD AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

Petitioner, through her attorney, Alison M. Clark, hereby petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In support of this amended petition, Petitioner makes the following allegations:

I.     **PROCEDURAL AND JURISDICTIONAL HISTORY:**

    A.     <u>**Court Proceedings:**</u>

        1.     **Multnomah County Circuit Court**:

On December 1, 2004, in the Circuit Court for the State of Oregon, in the County of Multnomah, Petitioner entered a guilty plea to manslaughter, in violation of ORS 163.118. (Resp. Ex. 103).  The trial court sentenced petitioner to 180 months in prison to be followed by 36 months

of post-prison supervision. (Resp. Ex. 101). The pleas were entered and the sentence was imposed pursuant to a negotiated plea agreement. Petitioner did not appeal.

### 2. Post-Conviction Petition (Washington County Case No. CO64204-CV):

On November 27, 2006, Petitioner filed a petition for post-conviction relief in Washington County Circuit Court. Counsel was appointed. (Resp. Ex. 106). The Amended Petition included arguments that her plea was entered involuntarily due to the constitutionally defective assistance of counsel and that Petitioner was completely innocent in the death of Jerri Williams. (Resp. Ex. 112, p. 10). A hearing was held on June 25, 2007 during which Petitioner stated that her mental state, as evidenced by her commitment to the Oregon State Hospital during the pendency of her trial case, may have impacted upon the voluntariness of her plea. Post-conviction relief was denied on July 18, 2007. (Resp. Ex. 124).

### 3. Appeal of Post-Conviction Petition (Oregon Court of Appeals No. CA-A136500):

Petitioner's appeal of her post-conviction petition included the argument that her guilty plea to manslaughter was entered in violation of her constitutional rights due to ineffective assistance of counsel. (Resp. Ex 124). On April 9, 2008, the Oregon Court of Appeals affirmed the denial of post-conviction relief. (Resp. Ex. 130).

### 4. Petition for Review (Oregon Supreme Court Case No. S055944):

Petitioner's Petition for Review included the argument that her guilty plea to manslaughter was involuntarily entered in violation of her constitutional rights to ineffective assistance of counsel and identified her guilty plea as a serious injustice. The Oregon Supreme Court denied review on June 18, 2008. (Ex. 129).

5. Petitioner is presently in the custody of the Oregon State Corrections Division at Coffee Creek Correctional Institution in Wilsonville, Oregon.

B. **Prior Counsel**

**At trial court level:**
(not including attorneys who withdrew due to conflict of interest)

William S. Brennan
PO Box 14708
Portland OR  97214

Patrick John Sweeney
Patrick John Sweeney PC
1549 SE Ladd Ave
Portland OR  97214

**At post-conviction:**

Vicki Vernon
101 SW Washington Street
Hillsboro, Oregon 97123

**On appeal from post-conviction:**

James N. Varner
PO Box 815
Newberg, OR 97132

II. **CLAIMS FOR RELIEF (revised from original petition):**

**FIRST GROUND FOR RELIEF:**

Petitioner's conviction is illegal and contrary to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States because Petitioner is innocent of manslaughter and entered an involuntary plea in violation of her right to due process and the effective assistance of counsel.

**Supporting Facts:**

1. Petitioner is innocent of the crime of manslaughter to which she pleaded guilty on December 1, 2004.

2. Petitioner received ineffective assistance of counsel when her trial attorney advised her to enter a guilty plea, in reliance on cell phone tower information purporting to pinpoint

PAGE 3 -   THIRD AMENDED PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254

the direction from which Petitioner placed a phone call on the morning of May 25, 2002. Counsel unreasonably believed the state's cell tower information was reliable and would persuade a jury that Petitioner caused the death of Jerri Williams. Counsel was ineffective for failing to adequately investigate the cell tower information. Counsel concluded that a plea to manslaughter was a better choice than maintaining a plea of not guilty at trial. Because counsel did not have the benefit of exculpatory DNA evidence at the time he advised Petitioner to plead guilty, the prejudice of counsel's bad advice was exacerbated.

       3.      Because counsel's assessment of the evidence was unreasonably ill-informed, Petitioner's plea was involuntary and was entered despite her innocence. Especially in light of the exculpatory male DNA evidence that should have been made available to Petitioner's defense, there is a reasonable probability that counsel's erroneous assessment of the potential trial evidence effected the outcome of Petitioner's case by causing Petitioner to enter an involuntary plea.

**SECOND GROUND FOR RELIEF:**

Petitioner's convictions are illegal and contrary to the Fifth And Fourteenth Amendment to the Constitution of the United States, in that the state unlawfully withheld exculpatory DNA evidence in violation of the constitutional principals articulated in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Due to the failure to disclose this exculpatory evidence, Petitioner's plea was entered involuntarily.

**Supporting Facts:**

       1.      On March 29, 2010, Petitioner, through counsel, received exculpatory DNA evidence that was previously not disclosed to the defense.

    2.  The Oregon Crime Laboratory reports produced at the time Petitioner was preparing for trial did not include exculpatory DNA information identifying certain DNA deposits as coming from a male contributor. Matching male alleles between the chest swab, fingernails, and vaginal swabs were also not reported.  Petitioner could not have discovered this material at an earlier time through the exercise of due diligence.

    3.  The previously undisclosed DNA evidence, taken singly and collectively, is exculpatory because it rebuts the state's forensic theories and the conclusion that Petitioner caused the death of Jerri Williams.  The newly discovered evidence supports Petitioner's claim of innocence.

    4.  On April 12, 2013, following additional DNA testing, the Oregon State Crime Lab identified the individual male contributor who depostited DNA under the fingernails of the victim.  The lab is pursuing additional follow up tests to determine whether his DNA is on any other forensic evidence in this case.  This male DNA is exculpatory evidence, both in its generic and identified form, and is exculpatory and material with the meaning of *Brady v. Maryland*.

**THIRD GROUND FOR RELIEF:**

 Petitioner is actually innocent of the manslaughter charge for which she is in custody.  Under the Fifth, Eighth, And Fourteenth Amendments to the Constitution of the United States, the incarceration of actually innocent person on a criminal charge that they did not commit is unlawful.

    1.  On April 12, 2013, Petitioner, through counsel, received exculpatory DNA evidence from the Oregon State Crime Lab that was previously not disclosed to the defense and which located and personally identified an individual male's DNA in two fingernail samples taken from the deceased victim's left hand.

      2. Notwithstanding Petitioner's guilty plea, Petitioner did not in fact commit the manslaughter of Jerri Lee Williams. Petitioner's guilty plea was a false confession.

      3. Newly discovered DNA evidence strongly supports Petitioner's claim of innocence. Additional DNA testing and the investigation of the identified individual whose DNA is on Jerri Williams's fingernails may also corroborate Ms. Roberts actual innocence.

## IV. PRAYER FOR RELIEF:

This Court should grant the Writ of Habeas Corpus and order that Petitioner's conviction and sentence be vacated. The Court should further order such relief that it deems just and proper.

RESPECTFULLY SUBMITTED this May 6, 2013.

                              */s/ Alison M. Clark*
                              Alison M. Clark
                              Attorney for Petitioner