RECVD 09 SEP '13 16:22 USDC-ORP

Steven T. Wax, OSB No. 85012
Federal Public Defender
Alison M. Clark, OSB No. 080579
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204
Tel: (503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org
Email: alison_clark@fd.org
Attorneys for Petitioner

**UNDER
SEAL**

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

**LISA MARIE ROBERTS,**

**No. 3:08-cv-01433-MA**

                    **Petitioner,**

                              **FOURTH AMENDED PETITION FOR
                    WRIT OF HABEAS CORPUS**

    **vs.**

**NANCY HOWTON,**

                    **Respondent.**

Petitioner, through counsel, hereby petitions the Court for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  In support of this amended petition, Petitioner makes the

following allegations:

## I.    PROCEDURAL AND JURISDICTIONAL HISTORY:

### A.    Court Proceedings:

### 1.    Multnomah County Circuit Court:

On December 1, 2004, in the Circuit Court for the State of Oregon, in the County

of Multnomah, Petitioner entered a guilty plea to manslaughter, in violation of ORS

163.118.   (Resp. Ex. 103).   The trial court sentenced petitioner to 180 months in prison to

be followed by 36 months of post-prison supervision. (Resp. Ex. 101).   The plea was

entered and the sentence was imposed pursuant to a negotiated plea agreement.

Petitioner did not appeal.

### 2.    Post-Conviction Petition (Washington County Case No. CO64204-CV):

On November 27, 2006, Petitioner filed a petition for post-conviction relief in

Washington County Circuit Court.   Counsel was appointed.   (Resp. Ex. 106).   The

Amended Petition included arguments that her plea was entered involuntarily due to

the constitutionally defective assistance of counsel and that Petitioner was completely

innocent in the death of Jerri Williams.   (Resp. Ex. 112, p. 10).   A hearing was held on

June 25, 2007, during which Petitioner stated that her mental state, as evidenced by her

commitment to the Oregon State Hospital during the pendency of her trial case, may

have impacted upon the voluntariness of her plea.   Post-conviction relief was denied on

July 18, 2007.   (Resp. Ex. 124).

Page 2  FOURTH AMENDED PETITION FOR WRIT OF HABEAS CORPUS

3.    **Appeal of Post-Conviction Petition (Oregon Court of Appeals No. CA-A136500):**

Petitioner's appeal of her post-conviction petition included the argument that her guilty plea to manslaughter was entered in violation of her constitutional rights due to ineffective assistance of counsel.   (Resp. Ex 124).   On April 9, 2008, the Oregon Court of Appeals affirmed the denial of post-conviction relief.   (Resp. Ex. 130).

4.    **Petition for Review (Oregon Supreme Court Case No. S055944):**

Petitioner's Petition for Review included the argument that her guilty plea to manslaughter was involuntarily entered in violation of her constitutional rights to ineffective assistance of counsel and identified her guilty plea as a serious injustice.   The Oregon Supreme Court denied review on June 18, 2008.   (Ex. 129).

5.    Petitioner is presently in the custody of the Oregon State Corrections Division at Coffee Creek Correctional Institution in Wilsonville, Oregon.

B.    **Prior Counsel**

**At trial court level:**

(not including attorneys who withdrew due to conflict of interest)

William S. Brennan                 Patrick John Sweeney
PO Box 14708                       Patrick John Sweeney PC
Portland OR   97214                1549 SE Ladd Ave
                                   Portland OR   97214

**At post-conviction:**

> Vicki Vernon
> 101 SW Washington Street
> Hillsboro, Oregon 97123

**On appeal from post-conviction:**

> James N. Varner
> PO Box 815
> Newberg, OR 97132

### II.     CLAIMS FOR RELIEF (revised from original petition):

### FIRST GROUND FOR RELIEF:

Petitioner's conviction is illegal and contrary to the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States because Petitioner is innocent of manslaughter and entered an unknowing and involuntary plea in violation of her right to due process and the effective assistance of counsel.

**Supporting Facts:**

1.     Petitioner is innocent of the crime of manslaughter to which she pleaded guilty on December 1, 2004.

2.     Petitioner received ineffective assistance of counsel when her trial attorney advised her to enter a guilty plea:

       a.     In reliance on cell phone tower information purporting to pinpoint the direction from which Petitioner placed a phone call on the morning of May 25, 2002.

Counsel unreasonably believed the state's cell tower information was reliable and would

persuade a jury that Petitioner caused the death of Jerri Williams. Counsel was

ineffective for failing to adequately investigate the cell tower information. Such

information cannot "pinpoint" a person's location. The totality of the cell tower and

telephone record information shows that Ms. Roberts was not near Kelly Point Park

anywhere near the time of death.

               b.       Without investigating the witnesses at the McDonald's on 82nd

Avenue and Fremont, who identify Jerri Williams and Brian Tuckenberry as persons

who frequented that restaurant in the mornings and without investigating witnesses at

the Madison Suites;

               c.       Without investigating the witnesses at Kelley Point Park who

describe an altercation in the early afternoon near the location where Ms. Williams' body

was found and who provide other information;

     3.       Counsel's advice that a plea to manslaughter was a better choice than

maintaining a plea of not guilty at trial fell below constitutional standards when it was

given without conducting proper investigation. Petitioner's plea was involuntary and

was entered despite her innocence. Ms. Roberts was prejudiced because there is a

reasonable probability that counsel's erroneous assessment of the potential trial

evidence affected the outcome of Petitioner's case by causing Petitioner to enter a plea when she otherwise would have gone to trial.

Because counsel did not have the benefit of exculpatory DNA evidence at the time he advised Petitioner to plead guilty, the prejudice resulting from counsel's bad advice was exacerbated.

### SECOND GROUND FOR RELIEF:

Petitioner's conviction is illegal and contrary to the Fifth And Fourteenth Amendments to the Constitution of the United States, because the state unlawfully withheld, in violation of the constitutional principles articulated in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny:

   a.     exculpatory DNA evidence;

   b.     exculpatory evidence related to the time of death;

   c.     exculpatory evidence related to cell tower location information;

   d.     exculpatory evidence derived from individuals who were present at Kelly Point Park;

   e.     exculpatory evidence regarding the date that a sleeping bag was placed in Ms. Roberts' truck;

   f.     exculpatory evidence that Jennifer Locke stated that she looked at her clock at 10:11 a.m. and that Ms. Roberts arrived 15 minutes later;

g.        exculpatory evidence that it had an interest in Brian Tuckenberry in this
          case in 2003;

Due to the failure to disclose this exculpatory evidence, Petitioner's plea was
entered unknowingly and involuntarily.

### Supporting Facts:

1.        During the pre-trial stages of this case, the state disclosed to Ms. Roberts
177 sequentially numbered pages from the Oregon State Police Forensic Laboratory.
The only reference to Ed Mills in those pages was the notation that he was "excluded" as
a contributor to a major profile.   References to contributors to a minor profile stated
only that the volume of material was too small for conclusive results.

2.        In response to the federal court discovery order, the state produced, for the
first time, unnumbered pages of notes from is forensic laboratory.   Those unnumbered
pages of notes include 2 references to Ed Mills, both stating that he could not be
excluded as the donor of DNA found under the victim's right fingernail and a pillowcase
found near her body.

3.        Notes in the Portland Police file provided pursuant to the federal
discovery order include the notation that a DNA deposit on Ms. Williams' breast was
"fairly recent."

Page 7  FOURTH AMENDED PETITION FOR WRIT OF HABEAS CORPUS

4.      The previously undisclosed DNA evidence, taken singly and collectively, is exculpatory because it rebuts the state's forensic theories and the conclusion that Petitioner caused the death of Jerri Williams. The newly discovered evidence supports Petitioner's claim of innocence.

5.      The new DNA evidence makes Brian Tuckenberry a prime suspect because his DNA was located under Ms. Williams' fingernails and is consistent with DNA in her vagina and he has a record of sexual and violent offenses.   The newly disclosed police reports include a report on Tuckenberry threatening and harassing a woman near the McDonald's on 82nd Ave. and Fremont in 2002-2003.   That report was not provided to the trial defense.

6.      The State's theory of the case was that cell tower location information related to a tower located at Kotobuki Way in Vancouver, Washington, could pinpoint Ms. Roberts near Kelley Point Park at 10:27 a.m. on May 25, 2002.   Notes in the Portland Police file recently disclosed state that the prosecution was in possession of information that cast doubt on that theory based on the manner in which cell phone calls bounce long distances off water, and are picked up by stronger towers.

7.      The State relied on information provided by Jennifer Locke regarding, inter alia, the time she was picked up by Ms. Roberts on May 25, 2002, and the time a sleeping bag was placed in a truck.   The State provided the trial defense a typed report

of its interviews of Ms. Locke.   Those interviews did not include contradictory

information contained in handwritten notes taken during the interviews regarding the

placement of a sleeping bag in the truck on Sunday and Ms. Locke's seeing the time

10:11 a.m. on a clock approximately 15 minutes before Ms. Roberts picked her up, rather

than being picked after 1 p.m. as reported in the typed report.

8.      Review of the newly discovered police file reveals that the State

interviewed numerous people who were at Kelley Point Park on May 25, 2002.   Review

of the defense files reflects that only a handful of reports of those interviews were

provided to the trial defense.   The reports contain many leads that the defense would

have investigated.

Petitioner could not have discovered this material at an earlier time through the

exercise of due diligence because it was in the State's files.

**THIRD GROUND FOR RELIEF:**

Petitioner is actually innocent of the manslaughter charge for which she is in

custody.   Under the Fifth, Eighth, And Fourteenth Amendments to the Constitution of

the United States, the incarceration of an actually innocent person on a criminal charge

that she did not commit is unlawful.

On April 12, 2013, Petitioner, through counsel, received exculpatory DNA

evidence from the Oregon State Crime Lab that was previously not available and which

Page 9   **FOURTH AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

identified an individual male's DNA in two fingernail samples taken from the deceased victim's left hand.    Subsequent DNA testing identified several males whose DNA is present on Ms. Williams' body.    Investigation of those individuals has produced evidence that one is a convicted sex offender with a record that includes strangulation of women.    Other investigation has linked another man who has strangled a woman to Ms. Williams.    Other investigation has produced additional evidence of innocence and evidence that undermines the State's theory of the case.    The evidence of innocence is discussed in Ms. Roberts' Factual Memorandum In Support Of Renewed Motion For Immediate Release.

Notwithstanding Petitioner's guilty plea, Petitioner did not in fact commit the manslaughter of Jerri Lee Williams. Petitioner's guilty plea was a false confession.

### IV.    PRAYER FOR RELIEF:

This Court should grant the Petition for Writ of Habeas Corpus and order that Petitioner's conviction and sentence be vacated.    The Court should order such further relief that it deems just and proper.

Respectfully submitted this 9th day of September, 2013.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender
/s/ Alison Clark
Alison Clark
Assistant Federal Public Defender