IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LISA MARIE ROBERTS,                          3:08-cv-01433-MA

                 Petitioner,                 OPINION AND ORDER

        v.                                   (Filed Under Seal)

NANCY HOWTON, CCCF Acting
Superintendent,

                 Respondent.


Steven T. Wax
Federal Public Defender
Alison M. Clark
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, Oregon 97204

        Attorneys for Petitioner

Mary H. Williams
Deputy Attorney General
Samuel A. Kubernick
Andrew Hallman
Assistant Attorneys General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, Oregon 97301

        Attorneys for Respondent

MARSH, Judge

1 - OPINION AND ORDER

Petitioner, an inmate at Coffee Creek Correctional Facility, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. Currently before the court are petitioner's motions to compel, to unseal, and for immediate release.

### DISCUSSION

**I.    Motion to Compel.**

Petitioner moves the court to compel respondent to produce all notes, records, reports, and exhibits from the state grand jury proceeding that led to the indictment of petitioner. Petitioner contends that the grand jury records must be produced pursuant to this court's order (#138) granting discovery of all Multnomah County prosecution files concerning the investigation of the death of Jerri Williams. Petitioner's counsel explains that it is her "understanding that information of grand jury testimony (grand jury notes) are in the files of the prosecution." Motion to Compel (#178) at 2. For the reasons set forth below, the motion is denied.

At the time this court granted petitioner access to Multnomah County prosecution files, neither the parties nor the court contemplated the production of grand jury records. See Pet.'s Motion & Memo. (#92 & #93), Resp.'s Response (#101), and Order (#138). Hence, regardless of whether the grand jury records are kept in the prosecution files, petitioner's motion to compel is denied.

If petitioner's motion to compel is construed as a motion for supplemental discovery, it also is denied. To date, petitioner has demonstrated good cause for discovery only to the extent that it relates to petitioner's claim of actual innocence, or some other basis to overcome the untimeliness of her petition and the procedural default of her available state remedies. See Order (#73) at 3-6; & Order (#138) at 3. In order to prove a colorable claim of actual innocence under Schlup v. Delo, petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. 513 U.S. 298, 327 (1995); Lee v. Lampert, 653 F.3d 929, 938 (9th Cir. 2011). Petitioner must present new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. Schlup at 329; Lee, 653 F.3d 938.

Although this court understands the importance of discrediting the prosecution's theory of the case, petitioner nevertheless has failed to demonstrate that there is reason to believe that any facts in the grand jury records, if fully developed, will lead to *new reliable evidence* to support a claim of actual innocence, or cause and prejudice to overcome her procedural default. Petitioner states only that she seeks the grand jury records, and in particular information related to the testimony of Randy Walter, to help her "evaluate the information she has at this time." Motion to Compel (#178) at 2.

3 - OPINION AND ORDER

Based upon petitioner's failure to demonstrate good cause, and in light of the confidential nature of the grand jury records, this court exercises its discretion to deny petitioner's motion to compel (#178).

II. **Motion to Unseal**.

On April 29, 2013, and May 6, 2013, this court granted respondent's *unopposed* motions to seal pleadings and exhibits (identifying Brian Tuckenberry as a suspect in the murder of Jerri Williams), on the basis that release would jeopardize the State of Oregon's ongoing criminal investigation into Tuckenberry's involvement in the 2002 murder. Orders (#99) & (#109). On May 8, 2013, this court issued a Protective Order to provide the same protection as to future filings. Order (#112).

Petitioner moves to unseal the documents subject to the foregoing orders on the basis that (1) the original motions to seal were unopposed and, therefore, the state has yet to meet its burden to demonstrate that a protective order is warranted; and (2) the state's interest "in keeping the facts surrounding this matter from public view are outweighed by the compelling evidence of innocence Ms. Roberts has generated to date and the desirability of pursuing all possible leads in a public forum." Pet.'s Motion (#155) at 2.

Respondent opposes petitioner's motion to unseal as follows:

> In order to allow for [the Criminal Justice
> Division] to continue to investigate whether Mr.
> Tuckenberry's connection with Ms. Williams was anything

more than a sexual encounter between a prostitute and a customer, and to eventually be able to have a meaningful interview with Mr. Tuckenberry, it is important that the case remain sealed from the public.  An effective law enforcement interview involves the interviewers having all of the relevant information, and the interviewee/suspect having no information. Here, as soon as the public becomes involved, any chance for a meaningful interview with Mr. Tuckenberry—or anyone else who may have any pertinent knowledge about Ms. Williams' death—will be lost.

Resp. Response to Motion to Unseal (#176) at 2-3.

There is a strong presumption in favor of public access to judicial records grounded in the First Amendment and common law. U.S. v. Business of Custer Battlefield Museum & Store, 658 F.3d 1188, 1192 & 1197 n.7 (9th Cir. 2011); Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006); Perry v. Brown, 667 F.3d 1078, 1084 & 1088 (9th Cir. 2012); Oregonian Publ'ng Co. v. U.S. Dist. Ct., 920 F.2d 1462, 1465 (9th Cir. 1990).  However, the right of public access to such records is not absolute. Kamakana, 447 F.3d at 1178; Perry, 667 F.3d at 1084.

The common law right of access may be overridden based upon sufficiently compelling reasons for doing so.  Perry, 667 F.3d at 1084; United States v. Beard, 475 Fed. Appx. 665, 668 (9th Cir. Apr. 12, 2012); Business of Custer Battlefield Museum & Store, 658 F.3d at 1194-95; Times Mirror Co. v. U.S., 873 F.2d 1210, 1211 n. 1 (9th Cir. 1989).  Similarly, the right of access under the First Amendment may be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the

absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Perry, 667 F.3d at 1088 (quoting Oregonian Pub. Co., 920 F.2d at 1466)); In re Copley Press, Inc., 518 F.3d 1022, 1028 (9th Cir. 2008); Kamakana, 447 F.3d at 1178-79.

Assuming that petitioner has both a common law and First Amendment right to the public disclosure of the judicial records at issue, the State has satisfied its burden to demonstrate sufficiently compelling reasons to protect the documents due to its ongoing criminal investigation of Brian Tuckenberry. Further, the State's compelling interest in protecting the confidentiality of its criminal investigation outweighs the strong presumption in favor of public access, as well as petitioner's interest in pursuing "all possible leads in a public forum." This is true despite petitioner's concern that the criminal investigation of Brian Tuckenberry is progressing at a slow pace.

Further, given the abundance of identifying information in the judicial records (for example the names of prior victims and the circumstances of those crimes), the mere redaction of Tuckenberry's name from those documents would not suffice to protect the State's compelling interest. Hence, there are no alternatives to maintaining the confidentiality of the documents. Consequently,

petitioner's motion to unseal is denied, without prejudice to petitioner's right to renew the motion at a later date.

**III. Motion for Immediate Release.**

Petitioner is incarcerated pursuant to her 2004 guilty plea to Manslaughter in the First Degree. Petitioner moves for immediate release on bail pending this court's decision on the merits of her petition because "the evidence of [her] innocence continues to mount, and the efforts of the State continue to be dilatory." Pet.'s Legal Memo. (#169) at 7. Respondent opposes the motion on the basis that there are serious procedural questions which may prevent this court from reaching the merits of petitioner's constitutional claims, and petitioner has failed to satisfy the high burden for release on bail pending disposition on the merits. Resp. Response (#183) at 1-2 & Response (#111) at 2.

The Ninth Circuit has explicitly declined to decide whether a district court has inherent authority to release a state prisoner on bail *prior to ruling on the merits of a habeas corpus petition*.[1] In re Roe, 257 F.3d 1077, 1080 & n.2 (9th Cir. 2001); see also Land v. Deeds, 878 F.2d 318 (9th Cir. 1989) (dismissing appeal for lack

---

[1] There is no federal rule or statute which authorizes a district court to release a habeas petition on bail pending its decision on the merits. Fed. R. App. P. 23(b) & (c) applies only to the district and appellate courts' authority to release a habeas petitioner while a decision granting or denying habeas relief is pending on appeal. See In re Roe, 257 F3d. at 1080 n.2; Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir.1987).

of jurisdiction and rejecting state habeas petitioner's challenge to district court's denial of bail without considering whether district court had power to grant bail). However, all of the circuits to address the issue have held that such authority exists. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972); Mapp v. Reno, 241 F.3d 221, 226 (2nd Cir. 2001); Landano v. Rafferty, 970 F.2d 1230, 1239 (3rd Cir. 1992); In re Wainwright, 518 F.2d 173, 174 (5th Cir. 1975); Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990); Cherek v. U.S., 767 F.2d 335, 337 (7th Cir. 1985); Martin v. Solem, 801 F.2d 324, 329 (8th Cir. 1986); Pfaff v. Wells, 648 F.2d 689, 693 (10th Cir. 1981); see also Hall v. San Francisco Superior Ct., 2010 WL 890044 (N.D. Cal. Mar. 8, 2010) (collecting cases). I agree that this court has the authority to release a state prisoner prior to the resolution of a habeas case.

The Ninth Circuit has opined that, assuming such authority exists, it is limited to extraordinary cases involving special circumstances *or* a high probability of success. In re: Roe, 257 F.3d at 1080; Land, 878 F.2d at 318. More recently, the District Court for the Northern District of California surveyed cases nationwide, and concluded that the test for release pending a decision on a habeas petition is conjunctive in nature requiring *both* that (1) the case is extraordinary involving special circumstances; **and** (2) there is a high probability of success on the merits. Hall, 2010 WL 890044 *3. In so holding, the court

8 - OPINION AND ORDER

noted that the conjunctive test has been adopted by the majority of the circuits to consider the issue. 2010 WL 890044 *3 (collecting cases).

This court has conducted its own survey. Although the circuit courts addressing this issue differ on what probability of success must be established under the first prong of the test (i.e., "substantial" or "high"), the majority agree that the petitioner must *also* demonstrate that the case is extraordinary involving special circumstances. Glynn, 470 F.2d at 98; Mapp, 241 F.3d at 226 & 230; U.S. v. Perkins, 53 Fed. Appx. 667, 669 (4th Cir. 2002)(*per curiam*); Dotson, 900 F.2d at 79; Martin, 801 F.2d at 329; see also Lucas v. Hadden, 790 F.2d 365, 367 (3rd Cir. 1986) (expressing doubt "that it is appropriate to grant bail . . . solely on the ground that there is a high likelihood of success on the merits"); Lay v. Turner, 433 Fed. Appx. 327 (5th Cir. July 22, 2011) (*applying* test as conjunctive); Kennedy v . Adler, 35 Fed. Appx. 386 (5th Cir. Apr. 9, 2002) (same).

This court similarly concludes that the release on bail of a convicted state prisoner seeking collateral relief is not warranted based simply upon a showing of a high probability of success on the merits. See Aronson v. May, 85 S.Ct. 3, 5 (1964). "Something more than that is required before [this court] would be justified in granting bail," particularly given the fact that the state prisoner comes before this court with a strong presumption of guilt. Benson

v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964); see also In re
Roe, 257 F.3d at 1081 (noting presumption of guilt).  As explained
by Justice Douglas:

> This applicant is incarcerated because he has been
> tried, convicted, and sentenced by a court of law.  He
> now attacks his conviction in a collateral proceeding.
> It is obvious that a greater showing of special reasons
> for admission to bail pending review should be required
> in this kind of case than would be required in a case
> where [the] applicant had sought to attack by writ of
> habeas corpus an incarceration not resulting from a
> judicial determination of guilt.  Cf. Yanish v. Barber,
> 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case
> it is therefore necessary to inquire whether, *in addition
> to there being substantial questions presented by the
> appeal*, there is some circumstance making this
> application exceptional and deserving of special
> treatment in the interests of justice.

Aronson, 85 S.Ct. at 5 (citing Benson, 328 F.2d 159 (9th Cir.
1964)).

Given the Ninth Circuit's reluctance to explicitly hold that
a district court has inherent authority to release a state prisoner
on bail pending a final decision in a habeas case, I am convinced
that it would join the majority of the circuits in defining an
"extraordinary case" to include only those cases involving a high
likelihood of success on the merits and some special circumstance
warranting release on bail.  Numerous district courts in the Ninth
Circuit have so held.  See e.g. Braunstein v. Cox, 2011 WL 6812548
*2 (D. Nev. Dec. 27, 2011); Rowell v. Palmer, 2011 WL 3502371 *1
(D. Nev. Aug. 9, 2011); Saldinger v. Santa Cruz Cty. Sup. Ct., 2011
WL 3759934 *2 (N.D. Cal. Aug. 25, 2011); Tung v. Hartley, 2010 WL

5232986 *1-*2 (E.D. Cal. 2010); Vaughn v. Adams, 2006 WL 2585041 *10 & n.6 (E.D. Cal. Sept. 5, 2006). Accordingly, without deciding whether petitioner has demonstrated a high probability of success on the merits, I proceed to the question of whether petitioner has demonstrated special circumstances warranting her immediate release.

When examining whether a petitioner has demonstrated that his or her case is extraordinary involving special circumstances, courts have considered such things as whether (1) the petitioner's health is seriously deteriorating while he is incarcerated; (2) there has been extraordinary delay in the processing of a petition; and (3) the petitioner's sentence would be completed before meaningful collateral review could be undertaken. See Braunstein, 2011 WL 6812548 *2; Rowell, 2011 WL 3502371 *2; Turner v. Yates, 2006 WL 1097319 *2 (E.D. Cal. Apr. 26, 2006); U.S. v. Mett, 41 F.3d 1281, 1282 n.4 (9th Cir. 1994); Calley, 496 F.2d at 702 n.1.

In the instant case, petitioner argues that she has demonstrated special circumstances because the "efforts of the State continue to be dilatory," and "little investigation has been undertaken." Pet.'s Legal Memo. at 7 & 11; Pet.'s Factual Memo. at 55. It is important to note that petitioner does not complain about the lengthy procedural history of this case. Rather, petitioner complains that, since the discovery of new DNA evidence in April and May, 2013, the State has been dilatory in responding

to her discovery requests and in conducting its investigation of other suspects.

A review of the record reveals that respondent has not been held in violation of any discovery order, nor has petitioner sought to compel respondent to produce evidence.[2]  Moreover, as noted by the Ninth Circuit in In re Roe, ordering a habeas petitioner's release on bail for a discovery violation is "an unprecedented sanction."  257 F.3d at 1081.  Accordingly, there are no special circumstances warranting petitioner's immediate release on bail.

### CONCLUSION

Based on the foregoing, petitioner's motions to compel, to unseal, and for immediate release (#155, #156 & #178) are DENIED.

The parties are advised that this court is prepared to give this matter expedited review, and to conduct an evidentiary hearing to resolve any issues of credibility.[3]  However, petitioner must first advise the court whether she is prepared to proceed to the merits, or seeks to conduct additional discovery.  It is ordered that the parties shall simultaneously submit proposed scheduling

---

[2] Petitioner also complains about the speed at which the State is investigating other suspects.  This court's habeas corpus jurisdiction does not permit it to either compel such an investigation or dictate its timing.  However, the interests of justice warrant a prompt and full investigation of the suspects implicated by the new DNA evidence.

[3] Given respondent's waiver of exhaustion, I reject respondent's suggestion that this matter be stayed during the pendency of petitioner's motion for a new trial in state court.

orders, including any request for an evidentiary hearing (and the scope of such hearing), within 15 days of the date of this order. Upon review of the proposed scheduling order, this court shall schedule a status hearing.

IT IS SO ORDERED.

DATED this __9__ day of October, 2013.

*Malcolm F. Marsh*

Malcolm F. Marsh
United States District Judge